# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:24-cv-01220 |
| | ) |
| OFFICE OF INSPECTOR GENERAL | )   JUDGE CAMPBELL |
| (OIG) EEOC, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

The pro se plaintiff, a resident of Franklin, Tennessee and "an immigrant worker employed by Brooks Automation US LLC," has filed an "Emergency Request to Petition for Writ of Mandamus." (Doc. No. 1, "the Petition".) The Petition asks the Court to compel certain action with respect to complaints Plaintiff has made to the Equal Employment Opportunity Commission (EEOC), the EEOC Office of Inspector General (OIG), and the U.S. Department of Justice's (DOJ) Civil Rights Division and Criminal Section.[1] Plaintiff has paid the civil filing fee (*see* Doc. No. 1-3); accordingly, the Petition is not subject to initial screening.

However, the Court has a duty in every case to assure itself that the exercise of subject-matter jurisdiction is proper. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Whenever it appears that such exercise might not be proper, "federal courts have an independent obligation to . . . raise and decide" the issue, lest they

---

[1] Plaintiff has also filed an Amended Emergency Request to Petition for Writ of Mandamus (Doc. No. 7), but that pleading does not appear to seek any different or additional relief, or indeed to contain any changes at all to the original Petition. The Amended Petition appears to include additional attachments only. (*Compare* Doc. No. 7-1 *with* Doc. No. 1-1.) The Court therefore refers to the original Petition in this opinion.

exceed the scope of the limited jurisdiction granted them under the law. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Under 28 U.S.C. §§ 1331 and 1332, federal subject-matter jurisdiction is restricted to (1) cases that present a question of federal law, and (2) cases between parties of diverse citizenship in which more than $75,000 is at stake. *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).

## I. JURISDICTIONAL ANALYSIS

### A. The Claims of the Petition

The Petition seeks emergency mandamus relief and implicitly invokes the Court's federal-question jurisdiction by proceeding under 28 U.S.C. § 1361, which states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Plaintiff asks the Court to compel the EEOC and its OIG to reopen an investigation (or institute a new investigation) into the charge of workplace "retaliation, harassment, and discrimination based on nationality, sex, and disability" that Plaintiff filed against her employer, Brooks Automation US. (Doc. No. 1 at 2.) Plaintiff claims that the regional EEOC office in Boston, Massachusetts, concluded its investigation and issued her a right-to-sue letter prematurely, which "significantly curtailed" her ability to "[g]ather essential evidence," "[c]onsult with legal counsel," and "[e]xplore potential administrative remedies within the EEOC process." (*Id.* at 6.) She claims that "[b]y forcing the Plaintiff to request a right-to-sue letter without properly investigating the claims and without sufficient time for preparation, the EEOC has undermined the Plaintiff's access to a fair investigation and the ability to fully develop the case." (*Id.*)

Plaintiff also seeks mandamus relief in the form of an order compelling the DOJ to investigate the regional EEOC office, in order "to prevent ongoing harm to the Plaintiff and other

2

Case 3:24-cv-01220   Document 11   Filed 10/21/24   Page 2 of 9 PageID #: 356

immigrant workers who face severe barriers in exercising their civil rights due to the actions of [the Director] and his staff at the EEOC Boston office." (*Id.* at 10.) Plaintiff also identifies four instances where the EEOC failed to fully comply with her requests for documents under the Freedom of Information Act (FOIA) and claims that those instances "highlight[] the urgent need for an independent investigation by the [DOJ] Criminal Division." (*Id.* at 6–7.) She asks the Court to compel the EEOC to produce all documents which it had previously withheld or redacted in answering her FOIA requests. (*Id.* at 19.)

**B. Discussion**

    1. Mandamus Jurisdiction

The Court is powerless to compel the executive-agency Defendants to act as Plaintiff demands via writ of mandamus. To begin with—and as pointed out in the materials attached to the Amended Petition (Doc. No. 7-1 at 2–3)—a mandamus action under Section 1361 will only lie against "an officer or employee" of a federal agency, not the agency itself. *See Williams v. Internal Revenue Service, Economic Impact Payments*, No. 5:24-CV-00280-GFVT, 2024 WL 4452448, at *2 (E.D. Ky. Oct. 9, 2024) (dismissing mandamus petition for lack of jurisdiction because, *e.g.*, "[a] mandamus petition . . . cannot be directed to a federal agency itself, but instead only to a federal officer or employee," and no such individual was named in the petition). Even if the Petition could be liberally construed to seek mandamus relief against the EEOC through its Boston employees named therein (*see* Doc. No. 1 at 2–4), "the Court has no authority to compel discretionary acts such as an executive agency's decision to initiate an investigation or prosecution." *Mashak v. Minnesota*, No. CIV. 11-473 JRT/JSM, 2012 WL 928225, at *25 (D. Minn. Jan. 25, 2012), *adopted*, 2012 WL 928251 (D. Minn. Mar. 19, 2012) (denying as futile a request to amend in order to seek a writ of mandamus against the FBI and the Justice Department)

3

(citing cases). Accordingly, subject-matter jurisdiction over a mandamus petition under Section 1361 is determined, alongside "the merits of whether a writ of mandamus should issue," by reference to the question of whether to compel the federal officer or employee to perform a duty that is non-discretionary. *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987) ("[I]n order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff.") (citation omitted). As Section 1361 puts it, the duty must be "owed" to the plaintiff, which means "there must be a 'mandatory or ministerial obligation.'" *Id.* (quoting *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975)). "If the alleged duty is discretionary or directory, the duty is not 'owed,'" *id.*, and mandamus jurisdiction is defeated.

The Sixth Circuit has determined that "the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency." *E.E.O.C. v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984). Indeed, the purpose of the EEOC's investigation of a discrimination charge is simply "to determine if there is a basis for that charge," and to notify the employer of its findings with an eye toward "later conciliation proceedings" or, if it comes to it, litigation. *Id.* But the EEOC's exercise of its investigatory function does not "directly affect the legal rights of individuals." *Forbes v. Reno*, 893 F. Supp. 476, 483 (W.D. Pa. 1995), *aff'd*, 91 F.3d 123 (3d Cir. 1996). Those individuals "retain the right to a *de novo* review of their charges of discrimination in a court of law." *Id.* The agency's final decision to terminate its investigation and issue a right-to-sue letter thus does not flout any "plainly defined and peremptory" duty that can be said to be "owed to the plaintiff" for purposes of mandamus jurisdiction. *Maczko*, 814 F.2d at 310. Instead, such action by the EEOC, standing alone, is "merely preparatory to further proceedings." *Georator Corp. v. Equal Emp. Opportunity Comm'n*, 592 F.2d 765, 768 (4th Cir. 1979); *see also Gillis v. U.S. Dep't of Health & Hum. Servs.*, 759 F.2d 565, 575 (6th Cir. 1985)

(quoting *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983)) ("[t]he EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal court"). The ability to proceed with an employment discrimination lawsuit provides "the sole remedy for the kind of EEOC misfeasance alleged by . . . complainants who are dissatisfied with the EEOC's processing and investigation." *Myrick v. E.E.O.C.*, No. CIV.A. 13-12783-FDS, 2014 WL 176584, at *2 (D. Mass. Jan. 10, 2014). Where, as here, the issuance of a right-to-sue letter has paved the way for *de novo* review of Plaintiff's discrimination claims in federal court, the "drastic remedy" of mandamus is not warranted to address injuries that are claimed to have resulted from the EEOC's handling of the matter. *Storey v. Rubin*, 976 F. Supp. 1478, 1482 (N.D. Ga. 1997), *aff'd*, 144 F.3d 56 (11th Cir. 1998).

2. Other Jurisdictional Grounds

The Petition can also be read to assert, as secondary grounds for invoking the Court's federal-question jurisdiction, violations of various federal criminal statutes and violations of Title VI of the Civil Rights Act of 1964. (*See* Doc. No. 1 at 1.)

The citation of criminal statutes generally does not suffice to establish jurisdiction in a federal civil action. *See*, *e.g.*, *Kemp v. Place All. L.L.C.*, No. 6:22-CV-262-PGB-LHP, 2022 WL 3136895, at *3 (M.D. Fla. June 15, 2022), *adopted*, 2022 WL 3136884 (M.D. Fla. July 11, 2022); *Kordan v. Rigg*, No. 21-CV-11419, 2021 WL 3612293, at *2–4 (E.D. Mich. July 23, 2021), *adopted*, 2021 WL 3603366 (E.D. Mich. Aug. 13, 2021) (citing, *e.g.*, *Am. Postal Workers Union, AFL-CIO, Detroit Loc. v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) (noting "the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these

5

sanctions")); *Crosson v. LaSalle Bank, N.A. as Tr. for MLMI Tr. Series 2006-MLNI*, No. 1:08-CV-03720-MHS-AJB, 2009 WL 10711904, at *13 (N.D. Ga. Aug. 7, 2009), *adopted*, 2009 WL 10711898 (N.D. Ga. Aug. 28, 2009) (highlighting "statements by the Supreme Court [that] suggest that Plaintiff cannot bring a civil action based on violations of federal criminal statutes"). Nor does this Court have the power, via mandamus or injunctive order, to direct prosecutorial agencies to open an investigation into alleged criminal activity. *See Rouse v. Donahue*, No. 1:20-CV-320, 2020 WL 2059718, at *2 (S.D. Ohio Apr. 29, 2020), *adopted*, 2020 WL 4361396 (S.D. Ohio July 30, 2020) ("[T]he federal district courts lack the power to compel a federal criminal investigation at the request of a citizen plaintiff.") (citing, *e.g.*, *Leisure v. FBI of Columbus, Ohio*, 2 F. App'x 488, 490 (6th Cir. 2001) (decision to initiate a criminal investigation rests with Federal Bureau of Investigations, and writs of mandamus are not available to compel an investigation)); *Bullock v. Sheela*, No. 1:14-CV-00092-DAD-EPG-PC, 2017 WL 4707998, at *4 (E.D. Cal. Oct. 20, 2017), *adopted*, 2018 WL 646132 (E.D. Cal. Jan. 31, 2018) ("Federal courts cannot instigate criminal investigations and prosecutions, and cannot compel a [federal, state, or local] prosecutorial authority to do so.") (citing cases). Put simply, private citizens lack any "judicially cognizable interest" in the criminal investigation or prosecution of another. *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, the Court's subject-matter jurisdiction cannot rest on an assertion of the need for the DOJ to investigate and prosecute federal criminal violations.

Title VI, on the other hand, does authorize a civil action in federal court, though the private right of action is limited to claiming relief from intentional discrimination; disparate-impact claims

such as Plaintiff explicitly asserts here[2] are another matter. *See Alexander v. Sandoval*, 532 U.S. 275 (2001). Regardless, the Court cannot exercise jurisdiction over a Title VI claim against the federal government, including federal agencies such as the named Defendants in the case at bar, absent a waiver of sovereign immunity. *See Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities.") (citing *Reed v. Reno*, 146 F.3d 392, 397–98 (6th Cir. 1998)). As the district court in *Keener v. United States* explained:

> A waiver of immunity must be clearly evidenced in the language of a statute. F.A.A. v. Cooper, 566 U.S. 284, 290 (2012). The provisions of Title VI of the Civil Rights Act of 1964 do not waive sovereign immunity or provide grounds for liability against the United States. See, e.g., Hervey v. United States, 2019 WL 11690495, at *3 (D. Kan. Oct. 30, 2019). Thus, the court lacks subject matter jurisdiction over plaintiffs' Title VI claims against the federal government and they must be dismissed . . . .

*Keener*, No. 2:22-CV-1640-DCN, 2023 WL 2478367, at *8 (D.S.C. Mar. 13, 2023).

In sum, none of the grounds asserted in the Petition's jurisdictional statement support the exercise of subject-matter jurisdiction in this Court.[3]

---

[2] *See* Doc. No. 1 at 10 (claiming that the "60-day departure requirement imposed by U.S. immigration law . . . disproportionately impacts immigrant workers, denying them fair due process and preventing them from seeking justice under Title VI").

[3] The Court notes that the Petition before it does not present a claim under the Administrative Procedure Act (APA), which generally provides for federal jurisdiction over a claim that a legal wrong was suffered as a result of federal agency action. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 16 (2020). But even if it did present such a claim, the generally-applicable APA does not provide a remedy in the particular case of a challenge to EEOC actions in processing a discrimination charge, because "Congress intended the private right of action provided for in section 706(f)(1) of the [Civil Rights] Act (42 U.S.C. § 2000e–5(f)(1))—under which an aggrieved employee may bring a Title VII action directly against his or her employer—to serve as the remedy for any improper handling of a discrimination charge by the EEOC." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (joining circuit-court consensus on the matter); *see also, e.g., McCall v. Yang*, 179 F. Supp. 3d 92, 95 (D.D.C. 2016).

The Court further notes that, although the Petition contains allegations and requests relief pursuant to FOIA, it does not assert the existence of federal subject-matter jurisdiction over the action based on that

The Court notes that Title VII is invoked in Plaintiff's filings (*e.g.*, Doc. No. 1 at 1–2); she requests mandamus relief in part to "ensure that the rights guaranteed under . . . Title VII are upheld." (*Id.* at 18.) At this point, Plaintiff has not sued her employer, Brooks Automation US, LLC—at least not in this District, and not as part of this lawsuit—though she appears to have requested (*see* Doc. No. 3 at 22) and been issued (*see* Doc. No. 3-1 at 30) a right-to-sue letter under Title VII on July 31, 2024. As was the case in *Storey*, 976 F. Supp. 1478, Plaintiff does not ask this Court to review "the substantive issues" that led to her charge of employment discrimination, but rather "to review the administrative process itself" and the ways in which the federal agency allegedly mishandled that charge. *Id.* at 1481–82. The Court believes that it is without jurisdiction to do so, for the reasons given above. However, any dismissal order based on lack of jurisdiction would be without prejudice to Plaintiff's ability to timely file suit against her employer under Title VII, and to any right she may have, independent of discovery in such a lawsuit, to pursue relief under FOIA. *See Equal Emp. Opportunity Comm'n v. Whiting-Turner Contracting Co.*, No. 3:21-CV-00753, 2022 WL 3221825, at *3 (M.D. Tenn. Aug. 9, 2022) ("[A]lthough courts do not endorse the substitution of a FOIA request for civil discovery and may employ certain means to discourage it, they do not find that the Federal Rules of Civil Procedure bar or limit such requests.").

## II. CONCLUSION

In light of the foregoing, Plaintiff is **ORDERED** to **SHOW CAUSE**, within **30 DAYS** of the entry of this Order, why this action should not be dismissed for lack of subject-matter jurisdiction.

---

statute. The Court does not find the limited references to FOIA sufficient to ground federal jurisdiction over a petition that substantially seeks to compel a reopening of EEOC proceedings and a federal investigation into "a systemic issue of discrimination" faced by "millions of immigrant workers." (Doc. No. 9 at 1.)

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE