UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE OF INSPECTOR GENERAL (OIG) EQUAL EMPLOYMENT COMMISSION et al.,<br><br>    Defendants. | Case No. 3:24-cv-01220<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

**MEMORANDUM ORDER**

    This case arises out of discrimination complaints that pro se Plaintiff Jane Doe filed with Defendants the Equal Employment Opportunity Commission (EEOC), the EEOC Office of Inspector General (OIG), and the United States Department of Justice's (DOJ) Civil Rights and Criminal Divisions addressing her former employment with Brooks Automation US LLC. (Doc. No. 1.) For reasons including fear of retaliation, Doe has moved to proceed under a pseudonym (Doc. No. 46) and asks the Court to keep that motion and its supporting documents under seal (Doc. No. 45). For the reasons that follow, the Court will deny Doe's motion to file her motion for leave to proceed under a pseudonym and its supporting documents under seal (Doc. No. 45) and deny Doe's motion to expedite the Court's ruling on her pending motion to amend the complaint (Doc. No. 47).

**I.    Legal Standards Governing Filing Under Seal**

    There is "a 'strong presumption in favor of openness'" in court records that is overcome by "'[o]nly the most compelling reasons . . . .'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (first quoting *Brown & Williamson Tobacco Corp. v.*

*F.T.C.*, 710 F.2d 1165, 1179 (1983); and then quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). This transparency prevents the "'masking [of] impropriety, obscuring incompetence, and concealing corruption'" that may result from a sealed docket and protects the public's right "to assess for itself the merits of judicial decisions." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179). Thus, "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* For these reasons, a party seeking to file a document under seal must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

This Court's Local Rule 5.03 establishes a procedure for parties to use in asking the Court to maintain a document under seal. M.D. Tenn. R. 5.03 (requests to seal documents or portions of documents). Rule 5.03 directs parties to file a motion for leave to file a document under seal without attaching the document in question, then separately file the subject document under seal. M.D. Tenn. R. 5.03(b)(1)–(2) (procedures for filing motions to seal in CM/ECF). "Access to the document will remain restricted until the Court rules on the motion to seal" and, if the motion to seal is granted, the sealed document "will be electronically accessible only to the Court." M.D. Tenn. R. 5.03(b).

Because a sealed document is accessible only to the Court—and not to the other parties in the litigation—filing a motion under seal frustrates the responsive briefing process that allows the Court to consider all parties' positions before granting or denying relief. Simply put, a party cannot respond to a motion it cannot review. For this reason (and, again, to ensure the greatest possible public access to a filing), Local Rule 5.03 requires that, "[i]f practicable, the party requesting that

some or all of a filing be sealed must also separately file a redacted version." M.D. Tenn. R. 5.03(e) (redacted filing). If filing a redacted version would be "impracticable, the motion to seal must include an affirmative statement to that effect." *Id.*

II. **Analysis**

Doe asks the Court for leave to file her motion to proceed under a pseudonym and its supporting documents under seal because

> her Motion to Proceed Under Pseudonym and Seal Identifying Information (Exhibit A), supporting Declaration (Exhibit B), and Memorandum of Law in Support (Exhibit C) . . . contain sensitive identifying information, including [her] name, address, phone, email, and details of prior retaliation by her former employer[.]

(Doc. No. 45, PageID# 582.) Doe states that "[p]ublic disclosure" of this information "could prompt potential adverse actions from [her] current employer, . . . jeopardizing her visa status and risking deportation." (*Id.*)

The Court has reviewed Doe's sealed motion for leave to proceed under a pseudonym, declaration, and supporting memorandum of law. (Doc. No. 46.) Contrary to Doe's assertion, these documents do not include her name, address, phone number, or email address. While the documents do include allegations of retaliation by Brooks Automation LLC (*id.*), these allegations largely mirror Doe's allegations made in her public filings (Doc. No. 45). Doe therefore has not "provide[d] compelling reasons to overcome the presumption that court records are open to the public" with respect to her motion for leave to proceed under a pseudonym, supporting declaration, and supporting memorandum of law. M.D. Tenn. R. 5.03(c) (contents of motion to seal). The Court will deny Doe's motion to seal and order that the motion to proceed under a pseudonym and its supporting documents be unsealed on the docket.

The Court notes that Doe has filed six other motions (Doc. Nos. 2, 15, 22, 31, 38, 43) to seal various filings, including the proposed amended complaint (Doc. No. 44-1) directed to be

filed by the Court's April 28, 2025 order (Doc. No. 36). Because the reasons Doe seeks to maintain these filings under seal overlap significantly with the reasons she asks to proceed under a pseudonym, the Court will resolve the motion to proceed under a pseudonym issue before addressing her remaining motions to seal. For this reason, Doe's motion to expedite (Doc. No. 47) the Court's ruling on her motion to amend her complaint (Doc. No. 44)—which she has filed under seal (*id.*) with an accompanying motion to seal the amended complaint once entered (Doc. No. 43)—will be denied.

**III.     Conclusion**

Doe's motion for leave to file her motion to proceed under a pseudonym, declaration, and memorandum of law under seal (Doc. No. 45) is DENIED.

Doe may move to withdraw the motion to proceed under a pseudonym by no later than August 5, 2025.

If Doe does not move to withdraw the motion by August 5, 2025, the Clerk of Court is DIRECTED to UNSEAL docket entry 46, which includes Doe's motion for leave to proceed under a pseudonym, declaration, and supporting memorandum of law.

The defendants are ORDERED to file any responses in opposition to Doe's motion for leave to proceed under a pseudonym (Doc. No. 46) by no later than 14 days after the motion is unsealed. Doe may file an optional reply in support of her motion for leave to proceed under a pseudonym by no later than 7 days after the defendants file a response.

Doe's motion to expedite the Court's ruling on her motion to amend her complaint (Doc. No. 47) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

5

Case 3:24-cv-01220   Document 49   Filed 07/29/25   Page 5 of 5 PageID #: 609